Mr. Chief Justice ShaRicey
delivered the opinion of the court.
The appellees, Young and wife, filed their petition in the probate court of Carroll county, praying for an order to sell a negro man, named Jim, claiming to be entitled to a portion of the proceeds of sale as residuary legatees under the will of Prances Beazley, the mother of Mrs. Young. The court granted the petition and made an order of sale, from which the executor appealed.
That the complainants are residuary legatees admits of no doubt. The residuary clause in the will is as follows, to wit: “And finally all the balance of my property of every description I give and bequeath to my said daughter Sarah Green, (now Sarah Young), my grand-daughter Frances Taylor, and niece Eliza Williams, as follows : Sarah Green one half, and the others each one fourth.” If the bequest in relation to Jim is void, then the petition would seem to be well founded.
The portion of the will, out of which this question arises, is as follows, to wit: “The very faithful and meritorious services of my negro boy Jim, I cannot consent to pass unrewarded; my will therefore is for said meritorious services the said Jim shall be forever set free and I hereby charge my executor to set forth the said meritorious services of the said Jim, with this part of my will, in a petition to the legislature of the state, and procure an act for the emancipation of said Jim with the least possible delay, and further that my executor take charge of tha said boy Jim and give him the exclusive benefit of his own labor until he can procure the passage of the said act.” This clause does not propose to emancipate, but only to lay the foundation for a legal emancipation by act of the legislature. It is competent for the legislature so to emancipate, and there is therefore nothing in the bequest which would authorize us to declare it void; but it would be defeated by the refusal of the legislature to pass the act. As it was discretionary with the legislature to *36 emancipate or not on a sufficient showing, the executor was entitled to a reasonable time to make the application, and the right of the residuary legatee would necessarily be postponed until the will of the legislature could be known. That portion of the bequest which authorized the executor to take charge of the negro and give him the benefit of his labor cannot be construed as a perpetual trust, even if it would have been competent for the testatrix to have created such a trust with a view to the continuation of the negro in the state. It was at most a trust for a limited time, its duration being limited by the determination of the legislature, as it was for the purpose of procuring the act, and until it should be done, that the executor was invested with the power. We are not informed by the petition what time has elapsed since the death of the testatrix and the qualification of the executor, or whether any steps have been taken to carry out the .will. But counsel have insisted that application has been made to the legislature for an act of emancipation, and the application refused; and we are referred to the journal for proof of this fact. If such is the case the bequest, by the refusal to pass the act, was defeated, and the negro Jim must fall into the residue of the estate. The journal however was not offered as evidence in the court below as it should have been. The petition is also silent as to the necessity of a sale in order to accomplish an equal distribution. It may be that the residue of the estate consists of other property, and is susceptible of distribution without sale. Nor are we informed by the petition or proof whether the estate has been finally settled, or whether sufficient time has elapsed since the grant of the letters testamentary to entitle the complainant to distribution according to the provisions of the 70th and 71st sections of the law in relation to the estates of decedents. This vagueness in the petition is calculated to create great doubt as to the propriety of the judgment below on the merits of the case. There is one point, however, on which the judgment of the court must be reversed, and that is that the other residuary legatees had ho notice, of the proceeding. The 61st section of the act referred to provides that when one or more slaves shall descend from a person dying intestate, and an *37 equal division cannot be made, then a sale may be decreed and the proceeds divided; but it expressly requires that each claimant shall be notified to show cause, if any he can, against such sale. In terms this section applies only to the estates of intes-tates, but in spirit and meaning it also applies in cases of legacies which do not admit of equal division. But apart from this law, it is a general rule that all parties interested should be notified of any judicial proceeding which may affect that interest. For this irregularity the judgment must be reversed, and cause remanded for further proceedings.